[Civ. No. 18820.   Second Dist., Div. One.   June 6, 1952.]

Estate of WALTER CLAYTON, Deceased.   QUINCY Mc-
MILLON et al., Appellants, v. ETHEL ROWE CLAY-
TON, Respondent.

Walter L. Gordon, Jr., for Appellants.

Noel Edwards for Respondent.

WHITE, P. J.—Ethel Rowe Clayton, respondent herein,
claiming to be the widow of Walter Clayton, deceased, filed
a petition for the probate of his will, whereupon the appel-
lants herein, nephews of said deceased, filed a contest, al-
leging that the purported will was not executed by decedent
as his last will and testament, that proponent was not the
wife of decedent, and that his signature thereto was secured
by fraud, duress and undue influence.   On January 25, 1951,
the trial of the issues thus raised came on for hearing, at
which time it was continued to May 8, 1951, on which latter
date the contestants failed to appear, and on the evidence
presented by respondent the will was admitted to probate
and respondent was appointed administratrix with the will
annexed.   Thereafter contestants and appellants filed a mo-
tion under section 473 of the Code of Civil Procedure to
vacate and set aside the order admitting the will to probate
and granting letters of administration with the will annexed,
upon the ground that such orders were taken through mis-

take, inadvertence, surprise and excusable neglect. From the order denying their motion, contestants have appealed.

The rules applicable on appeal when a motion under section 473 of the Code of Civil Procedure has been made and granted or denied are so well settled in the law of this state, not only by earlier decisions but by more recent pronouncements of the Supreme Court and the District Courts of Appeal, that repetition or elaboration thereof is wholly unnecessary in the decision of this appeal.

The only showing made in support of the motion was by affidavit of contestants' counsel, the pertinent portions of which are as follows:

". . . That affiant prepared an affidavit to take the deposition of the respondent Ethel Rowe Clayton at his office on January 15, 1951. That a subpoena was served upon said Ethel Rowe Clayton and the deposition was duly set for the aforesaid date. That prior to the date for the taking of the deposition, respondent's attorney, Noel Edwards, called affiant on the telephone and stated that he would be out of the city on that date on a vacation and requested of affiant that the deposition of Ethel Rowe Clayton not be taken on the date set as he would be caused a great inconvenience. That affiant informed said attorney that he could not safely proceed to trial without first taking the deposition of said Ethel Rowe Clayton. That said attorney stated that if the deposition went off calendar upon his return he would make his client available for the taking of her deposition prior to the trial of this matter. That affiant was led to believe and did believe that the said attorney would allow the deposition of his client to be taken prior to any trial of the contest of the will. That no deposition of said Ethel Rowe Clayton has ever been taken, nor has said attorney made or offered to make any arrangements for the taking of his client's deposition. That affiant was of the opinion and did believe that said attorney would not proceed to trial until the deposition of said Ethel Rowe Clayton had been taken.

"That on or about December 30, 1950, affiant received a letter from said attorney which contained the following language:

"P.S. Confirming our telephone conversation it is our understanding that the deposition of Ethel Rowe Clayton will not be taken until after January 15, 1951.

N. E.

"That despite the fact that the deposition of Ethel Rowe Clayton was not taken the respondent and her attorney proceeded to trial on May 8, 1951, and secured an order admitting the will to probate and for letters of administration, although a motion to vacate and set aside probate homestead was pending and set for hearing on May 22, 1951.

"That affiant is acquainted with the facts of the case and is of the opinion that said contestants have a meritorious cause of action for the contest of the will and that a different result will be obtained upon a trial of this matter."

■■■ The showing made in support of the motion was wholly inadequate. The affiant states that he was "led to believe" that the deposition of the proponent would be taken prior to any trial of the contest, but he does not state that counsel for the proponent led him so to believe, or why he (counsel for contestants) did not take steps to have the proponent's deposition taken within a reasonable time. Affiant does not state that he did not know that the contest was set for trial on May 8, 1951, or that he had been assured that a continuance would be consented to.

In ruling upon the motion, the trial court also had before it the counteraffidavit of counsel for the proponent of the will, from which we quote in part as follows:

"That it was a well known fact to counsel for the contestants that the matter would be called on January 25, 1951, in Department 1 of the above entitled court and that the contest would not be tried for the reason that it was understood that date was set as a date for settlement only; that affiant and counsel for the contestants appeared in Department 1 of the above entitled court on the 25th day of January, 1951, when the court announced that said matter was for settlement and if not settled would have to go off calendar, whereupon, affiant informed the court that this was not the usual civil suit, but was for the probate of a will and if required to go off calendar by the rule requiring all cases not settled to go off calendar, that a new publication of the notice to probate the will would have to be made, whereupon the court announced that the rule would not be effective in this matter and asked for a stipulation that the matter be set down for a date agreeable to both parties at which time the cause could be tried; that affiant and counsel for contestants stipulated in open court that the trial of the will contest would be called for hearing on May 8, 1951, at 9:15 a. m., in Department 1 of the above entitled court; that

in addition to the stipulation affiant as counsel for the proponent and counsel for the contestants, each, waived the notice of the hearing of the contest, all of which stipulation and waiver of notice were written down in the minutes of the Probate Department in Department 1 for January 25, 1951; that on January 25, 1951, when the court placed the matter on the calendar for hearing, the question of the time of the taking of proponent's deposition was not considered and that the counsel for the contestants could have taken the deposition of proponent Ethel Rowe Clayton at any time between January 25, 1951, and May 8, 1951; that counsel for the contestants was in no manner misled concerning the statement as to the taking of the deposition of the proponent Ethel Rowe Clayton nor was the deposition of the proponent considered on January 25, 1951, when the matter was set for trial on May 8, 1951; that the notation in the letter of December 30, 1950, from affiant to counsel for the contestants left the matter of the taking of the deposition of Ethel Rowe Clayton open after January 15, 1951, and contestants never at any time made any overtures regarding the deposition.

"That a motion to vacate and set aside the probate homestead, previously granted, was pending in Department 5 of the above entitled court on the 4th day of May, 1951; that on the 4th day of May, 1951, the motion to vacate the order granting the probate homestead was on the calendar and affiant and counsel for contestants were in court and at that time it was stated that the will contest was set for hearing on May 8, 1951, and that if the will were admitted to probate, there would be no need to hear the motion to vacate and set aside the probate homestead, and for that reason on stipulation of counsel for proponent and counsel for the contestants the matter of the vacation of the probate homestead was continued to May 22, 1951; that neither the contestants nor their attorney have been taken by any surprise, mistake or inadvertence and were fully advised at all times regarding the hearing of the contest of the will and that the neglect of counsel for the contestants cannot be classified as excusable neglect for which reason contestants are entitled to no relief under section 473 C.C.P.

"That the will of decedent was not the result of any threat, menace or undue influence of the proponent and that a new trial will not result in any different decision of the court; that at the expense of repetition affiant assures the court

that all matters concerning the deposition of the proponent of the will occurred prior to the stipulation of January 25, 1951, in Department 1 of the above entitled court at which time notice of trial was waived. Affiant was willing at any time on any regular court day to appear with the proponent for the purpose of taking her deposition and the reason that the deposition of proponent was not taken was due to the lack of effort on the part of counsel for the contestants to obtain that deposition.''

The affidavit of counsel for proponents stands uncontradicted either by counteraffidavit or by any of the allegations of the original affidavit of contestants' counsel in support of the motion for relief. It appears not only by the affidavit of proponent's counsel, but from the records of the superior court, that counsel for contestants stipulated in open court to the trial date of May 8, 1951. Knowing of said trial date, contestants nevertheless failed to proceed with the taking of the proponent's deposition. Further, on May 4, 1951, counsel for contestants stipulated in open court to a continuance of a proceeding to vacate the order granting a probate homestead for the express reason that the trial of the contest was to take place on May 8. Clearly, in the situation presented, it was not the duty of proponent's counsel to initiate the taking of his client's deposition, but it was the duty of contestants to proceed with due diligence to prepare for trial. Counsel for contestants did not appear at the trial, and he does not aver that he made any effort to contact opposing counsel with a view to a continuance, although he had actual knowledge of the trial date. The record herein discloses not excusable neglect, surprise or mistake, but a manifest lack of diligence. The trial court did not abuse its discretion in denying the motion for relief.

The order appealed from is affirmed.

Doran, J., and Drapeau, J., concurred.